IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION NO. |
| vs. ) | 1:22-CR-00083-LMM-RGV-1 |
| ) | |
| TERRILL BANKS ) | |

## MOTION TO SUPPRESS IDENTIFICATION

COMES NOW the Defendant, TERRILL BANKS, by and through undersigned, and moves this Court to hold a pre-trial hearing and rule inadmissible all evidence procured as a result of improper, unconstitutional, and unduly suggestive out-of-court identification procedures. Mr. Banks further moves the Court to suppress any and all fruit of improper or tainted identification procedures. In support of this motion, Mr. Banks offers the following:

## FACTUAL BACKGROUND

Mr. Banks was charged in a federal indictment on March 15, 2022, with eight counts of committing a Hobbs Act robbery in violation of 18 U.S.C. § 1951 and one counts of brandishing a firearm during and in relation to one of the robberies in violation of 18 U.S.C. §§ 924(c)(1)(A). (Doc. 1). After being transferred into federal custody pursuant to a writ of habeas corpus ad prosequendum, he made his initial

1

appearance on April 6, 2022. (Doc. 8). On the same date, Mr. Banks was arraigned and entered a not guilty plea. (Doc. 8).

The allegations and relevant facts for each of the eight incidents are as follows:

1) The government alleges that Mr. Banks robbed a Home Depot on Lawrenceville Highway in Decatur on March 6, 2019.

2) The government alleges that Mr. Banks robbed a Home Depot on Lawrence Highway in Decatur and on March 19, 2019.

3) The government alleges that Mr. Banks robbed a Home Depot on Tilly Mill Road in Atlanta and brandished a firearm on March 27, 2019.

4) The government alleges that Mr. Banks robbed a Home Depot on Ponce De Leon in Atlanta on April 27, 2019.

5) The government alleges that Mr. Banks robbed a Home Depot on Tilly Mill Road in Atlanta on May 1, 2019.

6) The government alleges that Mr. Banks robbed a Home Depot on Peachtree Dunwoody Road in Atlanta on May 2, 2019. According to the discovery, an employee identified Mr. Banks in a photo array.

7) The government alleges that Mr. Banks robbed a Home Depot on Lawrenceville Highway in Lilburn on May 9, 2019.

8) The government alleges that Mr. Banks robbed a Home Depot on Cumberland Parkway in Riverdale on July 24, 2019. According to the discovery, an employees identified Mr. Banks in a photo array.

In the discovery provided, it appears that only two identifications were made by employees of two Home Depot stores and there is no indication that any identification procedures were conducted with other potential witnesses who failed to identify Mr. Banks. If law enforcement showed photo arrays to witnesses other than the ones listed above and those witnesses identified Mr. Banks or anyone else, Mr. Banks includes those identifications in this motion and asks the government to provide discovery related to those photo arrays and any identifications made or failed identifications.

Mr. Banks expects that the government will seek to admit these identifications and resulting evidence in its case in chief as well as ask the witnesses to make in-court identifications of Mr. Banks. Mr. Banks believes the photo arrays and the presentation of the arrays to witnesses was unduly suggestive and that law enforcement may have tainted the identification of one witness by sending the witness a copy of a newspaper article which contained a picture of Mr. Banks. Accordingly, Mr. Banks asks that the Court hold a hearing on this issue prior to trial.

ARGUMENT

The Due Process clause prohibits the government from presenting evidence obtained from impermissibly suggestive identification procedures. Neil v. Biggers, 409 U.S. 188 (1972); Foster v. California, 394 U.S. 440 (1969). In addition, when the out-of-court photo line-up is overly suggestive or unfair, the defendant is entitled to have the expected in-court identification suppressed. Simmons v. United States, 390 U.S. 377 (1968); Williams v. Lockhart, 736 F.2d 1264, 1266 (8th Cir. 1984). The Supreme Court has established a two-step analysis to determine the admissibility of challenged identification testimony. First, the court must decide whether the police used an unduly suggestive pretrial procedure in obtaining the identification. Manson v. Brathwaite, 432 U.S. 98, 107 (1977). Second, if the court finds that original identification procedure was unduly suggestive, "we then must consider whether, under the totality of the circumstances, the identification was nonetheless reliable." United States v. Diaz, 248 F.3d 1065, 1102 (11th Cir. 2001).

An evidentiary hearing is necessary to determine the exact nature of the identification procedures and the reliability of any identification the witnesses made. Therefore, Mr. Banks requests an evidentiary hearing during which the Court can assess the identification procedures and the reliability of the identifications. In making the reliability determination, the Court must evaluate five factors:

> [1] [T]he opportunity of the witness to view the criminal at the time of the crime, [2] the witness' degree of attention, [3] the accuracy of the witness' prior description of the criminal, [4] the level of certainty demonstrated by the witness at the confrontation, and [5] the length of time between the crime and the confrontation.

Neil v. Biggers, 409 U.S. at 199-200; *see also* Diaz, 248 F.3d at 1102. The Court can only resolve these issues with the benefit of an evidentiary hearing.

## CONCLUSION

WHEREFORE, Mr. Banks requests that the Court hold an evidentiary hearing on this motion, allow him to then provide supplemental briefing, and suppress all evidence obtained as a result of the unconstitutional pretrial identification procedures, including the identification itself and all fruits of that identification both in and out of court. The defense also requests permission to amend this motion if after receiving any additional discovery, it is revealed that other out-of-court identifications or failed identifications of Mr. Banks were made.

Dated: This 29th day of July, 2022.

Respectfully submitted,

*s/ Suzanne Hashimi*
State Bar No. 335616
Attorney for Mr. Banks